**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0269n.06
Filed: April 10, 2007

**No. 06-5683**

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| TAWANNA CURRIE, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HAYWOOD COUNTY, TENNESSEE, | ) | |
| | ) | |
| Defendant-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| HAYWOOD COUNTY SHERIFF'S | ) | THE WESTERN DISTRICT OF |
| DEPARTMENT, | ) | TENNESSEE |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| TIMOTHY LEON ROGERS, individually | ) | |
| and as an employee, officer, and agent of | ) | |
| Haywood County, Tennessee, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |
| _____ | ) | |

Before: ROGERS and GRIFFIN, Circuit Judges; and RUSSELL, District Judge.[*]

PER CURIAM.

Plaintiff Tawanna Currie appeals the district court's judgment in favor of defendants

_____

[*]The Honorable Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting by designation.

Case No. 06-5683
*Currie v. Haywood County, et al.*

Haywood County, Tennessee; Haywood County Sheriff's Department; and Timothy L. Rogers in his

official capacity (collectively "defendants" or "Haywood County") following a bench trial. Plaintiff

also appeals the adequacy of a damage award of a judgment in her favor against former deputy

Rogers, in his individual capacity, in the sum of $25,000.

Plaintiff Currie initially filed this action pursuant to 42 U.S.C. § 1983 against defendants and

Rogers in his individual capacity alleging that her constitutional rights were violated when she was

sexually assaulted[1] by Rogers while he was on duty as a deputy sheriff for Haywood County.

Thereafter, the district court dismissed Currie's claims for punitive damages against Haywood

County and declined supplemental jurisdiction over any state law claims. The district court further

granted summary judgment to defendants on the issue of whether Haywood County was deliberately

indifferent in retaining Rogers as an employee.

In July 2005, the district court tried the case without a jury, subsequently issuing "Findings

of Fact and Conclusions of Law," thereby partially granting and partially denying judgment for

plaintiff. Currie has timely appealed.

For the reasons set forth below, we affirm.

I.

The underlying facts are largely undisputed. On February 28, 2002, plaintiff Tawanna Currie

called 911 on her cell phone in Haywood County, Tennessee, from her mother's residence to procure

---

[1]The terms "sexually assaulted" and "assaulted" are not used in their criminal sense, but merely as descriptive terms.

help for her brother, who had overdosed. Defendant Rogers, a deputy employed by Haywood County, was the first to arrive at the house. Currie previously had contact with Rogers during the investigation of an unrelated automobile accident. Upon Rogers' arrival, he checked the condition of Currie's brother, who was unresponsive, and remained with Currie and her mother, Willie Mae Powell, until the paramedics arrived. During this period, Rogers did not say anything or take any action that was inappropriate or unprofessional. As the paramedics took Currie's brother from the house, Rogers offered to return to the house and update Currie on her brother's condition because he knew that Currie did not have a phone in the home. Currie agreed.

When Rogers returned to the residence, Currie let him inside the house, where he followed her into the kitchen. After informing her that her brother was going to a hospital in Brownsville, Rogers proceeded to touch Currie inappropriately, attempting to put his hand between her legs, inside the boxer shorts she was wearing, and attempting to touch her breast. Currie resisted, telling him to stop. She later testified that she felt threatened and considered hitting him with a skillet she was holding, but was afraid to because Rogers was armed and could have shot her while claiming she attacked him. Currie attempted to turn away from him, but he pinned her between his body and the washing machine and tried to kiss her. She continued telling him to stop and to leave.

Currie was able to maneuver away from Rogers, but he followed and came up behind her, rubbing his genital area across her back and buttocks. Currie told him to leave her alone and tried to distract him by asking questions. Nevertheless, Rogers continued his advances, telling her that he would leave if she kissed him. Currie refused, but said she would hug him if he would leave, and

he agreed. As Currie leaned in to give Rogers a quick hug, Rogers reached around her and, grabbing her buttocks, lifted her off her feet and pulled her against his body. Rogers continued to attempt to kiss her; she continued to resist. Currie testified that she then began to cry and kept asking him to leave. In response, Rogers dropped Currie back to the floor, asked her to come see him sometime, and left. Currie testified that she locked the door behind him, then went into her bedroom and locked herself in.

Currie went the next day to report what had happened to the Haywood County Sheriff, Raymond E. Russell. Russell requested that Currie give a statement to a female investigator, Kim Williams, and also referred the matter to the Tennessee Bureau of Investigation. Following the investigation of the incident, Rogers was terminated from the Department and charged with official misconduct, to which he entered a guilty plea. This suit followed.

Specifically, Currie filed this action pursuant to 42 U.S.C. § 1983 against Haywood County, Tennessee; the Haywood County Sheriff's Department; and Timothy L. Rogers in both his individual and official capacities, alleging that her constitutional rights were violated when Rogers sexually assaulted her while on duty. On September 2, 2003, the district court issued an order dismissing the Sheriff's Department as a separate defendant and dismissing plaintiff's claim for punitive damages against Haywood County. The district court also declined to exercise supplemental jurisdiction over any state law claims. On March 10, 2005, the district court issued an order partially denying summary judgment regarding the constitutionality of Haywood County's policies and procedures and partially granting summary judgment to defendants regarding whether Haywood County was

deliberately indifferent in retaining Rogers as an employee.

The case was subsequently tried by the district court, sitting without a jury, on July 6-7, 2005. Following the trial, the district court issued "Findings of Fact and Conclusions of Law" pursuant to Federal Rule of Civil Procedure 52(a), thereby partially granting and partially denying judgment for plaintiff. Specifically, the district court held that: (1) the Haywood County Sheriff's Department's Policies and Procedures were adequate and not constitutionally deficient; (2) Haywood County was not deliberately indifferent to Currie's constitutional rights because of a failure to train its deputy sheriffs; (3) defendant Rogers was individually liable to Currie by virtue of his inappropriate sexual advances; and (4) Rogers was individually liable to Currie in the amount of $20,000 compensatory damages and $5,000 punitive damages. Currie appeals all of these findings and conclusions, except the finding of Rogers' individual liability.

II.

When reviewing an appeal from a judgment entered following a bench trial, this court reviews the district court's factual findings for clear error and its legal conclusions de novo. *Pressman v. Franklin Nat. Bank*, 384 F.3d 182, 185 (6th Cir. 2004). Rule 52(a) of the Federal Rules of Civil Procedure prescribes the deference to be afforded the district court's findings of fact following a bench trial; specifically, "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." FED. R. CIV. P. 52(a). This court has elaborated:

> If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous. This is so even when the district court's findings do not rest on credibility determinations, but are based instead on physical or documentary evidence or inferences from other facts.

*Harrison v. Monumental Life Ins. Co.*, 333 F.3d 717, 721 (6th Cir. 2003) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985)).

On appeal, Currie's primary contention is that the district court erred by concluding that Haywood County was not subject to municipal liability because Haywood County's lack of policies or procedures regarding sexual harassment failed to equip law enforcement officers with specific tools to handle recurring situations. In support of this alleged constitutional failure, Currie notes that Haywood's training or policies and procedures do not contain provisions specifically stating that it is against Department policy to sexually harass or intimidate members of the public. Currie points to the testimony proffered by her expert witness at trial, Phillip Davidson, that the lack of policies and programs to identify maladaptive behaviors or prevent sexual abuse was inconsistent with the practices of many modern police departments. Accordingly, Currie contends that the district court's resolution was clearly erroneous and requests that this court reverse.

It is well established that "a municipality cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those

6

whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. The district court correctly recounted that "the inadequacy of police training may serve as the basis for § 1983 liability," but "only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). To successfully allege as much, Currie must establish that: "1) [Haywood's] training program was inadequate for the tasks that officers must perform; 2) the inadequacy was the result of [Haywood's] deliberate indifference; and 3) the inadequacy was closely related to or actually caused the injury." *Ciminillo v. Streicher*, 434 F.3d 461, 469 (6th Cir. 2006). "'[D]eliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action.'" *Perez v. Oakland Cty.*, 466 F.3d 416, 430-31 (6th Cir. 2006) (quoting *Bd. of Cty. Com'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 410 (1997) (internal quotation marks omitted)). Although it is possible that "a single violation of federal rights, accompanied by a showing that a municipality has failed to train its employees to handle recurring situations presenting an obvious potential for such a violation, could trigger municipal liability," *Brown*, 520 U.S. at 409 (1997), "[a]llegations that a particular officer was improperly trained are insufficient to prove liability, as are claims that a particular injury could have been avoided with better training." *Sova v. City of Mt. Pleasant*, 142 F.3d 898, 904 (6th Cir. 1998). "To prevent municipal liability for a hiring decision from collapsing into *respondeat superior* liability, a court must carefully test the link between the policymaker's inadequate decision and the particular injury alleged." *Brown*, 520 U.S. at 410.

7

Case No. 06-5683
*Currie v. Haywood County, et al.*

With respect to the potential liability arising from Rogers' alleged lack of training, the district

court concluded:

> Regarding the adequacy of the Department's policies, both written and unwritten, addressing the proper use of force and the proper way to interact with members of the public, both male and female, there was significant evidence offered at trial, including the testimony of Blackwell and Mays, the defendants' expert[s], that those policies were not constitutionally deficient. The Court finds that evidence persuasive. Therefore, notwithstanding the opinions of Davidson, the plaintiff's expert, the Court finds that plaintiff has failed to prove, by a preponderance of the evidence, that the Department's policies in those areas were inadequate to the tasks the Department's officers were required to perform.
>
> In addition, Rogers clearly stated that, due to his law enforcement training, he knew it was wrong to touch inappropriately, or to make sexual advances toward, females with whom he interacted in the course of his duties. Nevertheless, despite that training, Rogers sexually assaulted the plaintiff. Thus, the Court finds that the plaintiff has failed to prove the required element of causation with regard to her claim that the Department failed to train Rogers. *She has failed to show that the constitutional violation was "closely related to" or "actually caused" by such a failure to train. City of Canton*, 489 U.S. at 390-91.
>
> Davidson,[sic] also testified that the Department's training and supervision were deliberately indifferent because there was no program in place to identify those officers with tendencies toward aberrant behavior. However, the Court finds unpersuasive the assertion that the mere occurrence of the sexual assault, by itself, is evidence that Rogers must have demonstrated such traits previously and that a preventative program would have caught and identified him as a potential problem in time to prevent the assault. A finding of causation based on that assertion would be unacceptably tenuous, as plaintiff has offered no evidence whatsoever that Rogers previously exhibited any of the "warning" traits noted by Davidson. Therefore, the Court finds that plaintiff has failed to prove that the constitutional violation in this case was caused by the lack of such a preventative program.

No. 03-1052, 2006 WL 840427, *6 (W.D. Tenn. March 30, 2006) (emphasis added).

We agree and adopt this analysis and conclusion.

III.

8

Next, Currie appeals the district court's grant of Haywood County's motion for summary judgment regarding the issue of Rogers' retention as an employee. In support, Currie submitted evidence to the district court that in January 2002, prior to the above-described incident, Rogers had notified Sheriff Russell that he had been diagnosed with a bipolar disorder. Rogers was given some time off, but was allowed to return to duty after obtaining a release from his doctor. The Department apparently did not require him to be evaluated psychologically before he returned to duty.

In the summary judgment disposition, the district court held that "[p]laintiff has submitted no evidence showing how the fact that Rogers was bipolar rendered him 'highly likely' to sexually harass and assault plaintiff or anyone else. She relies instead on the suggestion that Rogers was simply too 'unstable' to do his job[,]" an allegation that "fails to satisfy *Brown*'s requirement that there be a strong connection between the employee's background and the 'specific constitutional violation.'"

We agree and affirm.

IV.

Finally, Currie urges this court to review the district court's award of damages against Deputy Rogers in his individual capacity, alleging that the awarded damages were insufficient. This court reviews a trial court's finding of fact on the issue of compensatory damages pursuant to the clearly erroneous standard; it "is not reversible error 'unless it manifests plain injustice, or is so grossly excessive as to be clearly erroneous.'" *Moorer v. Baptist Mem'l Health Care Sys.*, 398 F.3d 469, 485 (6th Cir. 2005) (internal quotation marks and citation omitted). Likewise, a district court's

Case No. 06-5683
*Currie v. Haywood County, et al.*

award of punitive damages is reviewed pursuant to a clear error standard. *Ellis v. Gallatin Steel Co.*, 390 F.3d 461, 471 (6th Cir. 2004).

We find that Currie's appellate arguments regarding the alleged inadequacy of the damage award are generalized and unsupported. Accordingly, we affirm the analysis and award of the district court.

V.

For the reasons stated above, the judgment of the district court is AFFIRMED.